## BALL *v.* McCREA.

(*Supreme Court, General Term, Second Department.* May 18, 1889.)

BILLS OF EXCHANGE—ACCEPTANCE—CONSIDERATION.

After the affirmance of a judgment for money, the appellee's attorney made a draft on the appellants' attorney for a sum to be paid out of the first money to become payable on said judgment, which said attorney and one of the appellants accepted. The appellee assigned the judgment and the undertaking given on the appeal, and the assignee sued on the undertaking. The amount of the draft was set off, and judgment rendered for the residue. *Held,* that the attorney was liable as acceptor for the amount of the draft, it having been used to reduce the amount for which his co-acceptor was liable.

Appeal from special term, Kings county.

Action by Isabella Ball, the indorsee of a draft, against William G. McCrea and Jacob Knies, the acceptors. Judgment for plaintiff, and defendant McCrea appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Gratz Nathan,* for appellant. *T. J. Clute,* for respondent.

DYKMAN, J. In March, 1883, Isabella B. Clute recovered a judgment against Jacob Knies and Adam Emmerich for the reformation of a written instrument, and for the sum of $2,975.14. The defendants in that action appealed to the supreme court and to the court of appeals, respectively, and upon such appeals gave the usual undertakings, which were executed by Jacob Knies and Mary Knies. Such judgment was affirmed on such appeals in both courts before the 9th day of June, 1886. After the judgment had been affirmed in the court of appeals, and the liability of the defendants had become fixed and determined, the attorney for the plaintiff in that action made a draft upon the defendant William G. McCrea, in favor of B. Skaats or order, for $249.43, to be paid out of the first money to be found due and payable from the defendants, or either of them, in the action against Knies and Em-

merich, or in another action of the same plaintiff against Adam Emmerich. The draft was dated August 9, 1886, and was accepted by William G. McCrea and Jacob Knies. Thereafter, and in January, 1887, Isabella B. Clute assigned all the judgments in her action against Knies and Emmerich to Thomas J. Clute, together with the undertakings executed on the appeals in that action, and the assignee brought an action upon the undertakings against Jacob Knies and Mary Knies for the recovery of the amounts thereof respectively. In that action the draft so given and its acceptance and the consequent liability thereon was set up as a defense, and a verdict was directed for the plaintiff for the amount due upon the undertakings, less the amount of such draft and interest, the defendants being allowed to retain that amount to meet and pay the draft. In June, 1888, Mr. Skaats, the payee of the draft, indorsed and delivered the same over to John T. Morse or order, and he then indorsed and delivered the same to the plaintiff, who now holds the same, and this action was brought to procure the subrogation of the plaintiff to the rights of Isabella B. Clute in her judgments against Jacob Knies and Adam Emmerich, and in the undertakings executed on the appeals in that action to the extent of the draft, and for the recovery of the amount of the draft and interest. The cause was tried before a judge without a jury, and judgment was rendered in favor of the plaintiff, from which there is an appeal to this court.

The facts which we have assembled were found by the trial judge, and they dictated the conclusion he reached. The draft was drawn upon McCrea in favor of Skaats, because McCrea was one of the attorneys of Knies and Emmerich, and it was accepted by him, and also by Knies. It was the expectation and intention of all the parties that the draft would be paid from a fund to be realized upon the undertakings executed by Knies upon the appeals already mentioned, and, when the action upon those undertakings came to trial, the amount of the draft was deducted from the amount found due, and judgment was rendered for the remainder. The draft was thus used by the acceptor to diminish his liability upon the undertakings because the draft was outstanding against him, and thus the fund was left in his hands to take up the paper. He retained the money, and so far his liability remained undischarged. Now the plaintiff owns the draft, and succeeds to all the rights of the payee thereof, and is entitled to recover the amount of the draft, with interest. The judgment should be affirmed, with costs.